[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Scott E. Fleenor and Nancy J. Fleenor appeal the dismissal of their complaint against Dr. John F. Lilly and Buckeye Orthopedics of Ohio, Inc. The Fleenors assert that the Scioto County Court of Common Pleas erred in dismissing their complaint for failure of service because the record contains documentation that they did in fact properly serve Dr. Lilly and Buckeye Orthopedics. Because our review of the record reveals that the Fleenors served Dr. Lilly and Buckeye Orthopedics in accordance with Civ.R. 4.6 (D), we agree. Accordingly, we reverse the judgment of the trial court.
 I.
The Fleenors filed a complaint against Dr. Lilly and Buckeye Orthopedic alleging that Dr. Lilly negligently treated Scott Fleenor and caused injuries to him. The Fleenors attempted service by certified mail to several addresses for Dr. Lilly, both as an individual and as the statutory agent for Buckeye Orthopedics, including a P.O. box. All of the certified mail envelopes were returned marked "unclaimed."
The Fleenors then filed a written request that the clerk re-issue service of their complaint by certified mail and by ordinary mail. The Fleenors obtained certificates of mailing for those envelopes sent by ordinary mail. Both the certified and the ordinary mail envelopes were returned for most of the addresses. However, only the certified mail envelope was returned from the P.O. box address.
The trial court filed an order on January 14, 2000, which indicated that service had not been obtained, and ordered that the case would be dismissed for lack of prosecution unless service was perfected within thirty days. In response, the Fleenors filed a memorandum showing that they had obtained service at the P.O. box address. Additionally, the Fleenors filed a verification form from the Portsmouth Postmaster that indicated that the P.O. box address was a current address for Dr. Lilly. Finally, the Fleenors' counsel filed an affidavit indicating that he personally served Dr. Lilly.
Despite the information relayed in their memorandum, on March 2, 2000, the trial court dismissed the Fleenors' complaint for lack of service. The Fleenors appeal, and assert the following assignment of error:
 The trial court erred to the substantial prejudice of the plaintiffs-appellants in dismissing their claim for failure to protect service.
 I.
Civ.R. 4.6 (D) governs service when certified mail is returned unclaimed. Civ.R. 4.6 (D) provides:
 If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record * * *. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail.
Thus, Civ.R. 4.6 (D) provides that when service by certified mail is returned "unclaimed," then service may be made by ordinary mail. The service will be deemed effective from the date reflected on the certificate of mailing, so long as the ordinary mail is not returned showing failure of delivery. In this case, the record reflects that service at the P.O. box address by certified mail was returned unclaimed. The record contains the Fleenors' written request that the clerk issue service by ordinary mail, and the clerk's certificate of mailing. The record does not contain any evidence that the ordinary mail envelope was returned for failure of delivery. Hence, the Fleenors perfected service as of the date reflected on the certificate of mailing.
Because the record reflects that the Fleenors properly served Dr. Lilly and Buckeye Orthopedics in accordance with Civ.R. 4.6 (D), we find that the trial court erred by dismissing the Fleenors' complaint for failure to perfect service upon the defendant. Accordingly, we reverse the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
 ________________________ Roger L. Kline, Presiding Judge